IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number 1:15-cv-00004-REB-MEH

PARKVIEW GARDENS BUILDING OWNERS ASSOCIATION, a Colorado non-profit corporation also known as the PARK VIEW GARDENS BUILDING CONDO ASSOCATION,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, an Ohio corporation,

    Defendant.

## PROTECTIVE ORDER

Pursuant to the parties' stipulation and Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information, the Court ORDERS:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information, including but not limited to a trade secret or other confidential research, development, or commercial information pursuant to Rule 26(c)(1)(G) (as defined in paragraph 2, below).

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public and designated by one of the Parties in the manner provided in paragraph 3 below as containing:

  a. Company policies and procedures;

  b. Claims handling manuals/guidelines;

  c. Claims reference materials;

  d. Third-party/outside vendor vetting procedures;

  e. Guidelines governing evaluation, claims handling practices, or remediation requirements regarding claims involving environmental hazards;

  f. Proprietary commercial information

  g. Association records; and

  h. Any other proprietary information.

3. Where Confidential Information is produced, provided, or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

  a. By imprinting the word "CONFIDENTIAL" on the first page or cover of any document produced;

  b. By imprinting the word "CONFIDENTIAL" next to or above any response to a discovery request; and

  c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "CONFIDENTIAL" no later than ten calendar days after receipt of the transcribed testimony.

  d. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of

disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality informs the opposing party of its claim within a reasonable time after learning of the disclosure.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

   c. Confidential Information produced pursuant to this Order may be disclosed to or made available only to: the United States District Court for the District of Colorado ("Court") and all Court employees under seal; the jury in this action, if there are any issues to be decided by a jury (subject to such limitations or protections as the Court may impose); counsel for a Party to this action (including the paralegal, clerical, and secretarial staff employed by such counsel); and a "Qualified Person."

      i. A "Qualified Person" is a person who falls into one of the following categories:

         1. A party, a party's adjuster or public adjuster, or an officer, director or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

         2. An expert or consultant (together with their clerical staff) retained by counsel for a Party to assist in the prosecution, defense, or settlement of this action;

         3. Court reporter(s) employed in this action;

         4. A witness at any deposition or at trial who has or is may have information relating to such Confidential Information; and

         5. Any other person likely to have information relating to the Confidential Information.

      ii. Counsel for the Parties shall retain such signed statements and shall, upon termination of this action, exchange same.

d. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity, or government agency unless authorized to do so by court order.

5. The Party's counsel who discloses Confidential Information shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

6. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 5 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

7. On the request of either party, any non-qualified person shall be excluded from any deposition during the period in which Confidential Information is disclosed.

8. Nothing herein shall prevent the use or disclosure by a party of its own Confidential Information as it deems appropriate, except that if the material is disclosed in a manner inconsistent with this Order, it may lose its status as Confidential Information.

9. If Confidential Information is included in any papers to be filed before the Court, such papers, in addition to being stamped "CONFIDENTIAL", shall be filed in a sealed envelope clearly labeled "CONFIDENTIAL—DISCLOSE ONLY SUBJECT TO COURT'S ORDER" and filed under seal until further order of the Court.

10. In the event that any Confidential Information is used in any proceeding in this action, it shall not, unless it is disclosed to the public, lose its confidential status through such use. If a document containing Confidential Information is so designated and marked as a deposition exhibit, such exhibit shall, if filed, be filed under seal. If testimony concerning Confidential Information is elicited at a deposition, or hearing, or trial, counsel for any party may request that a designated portion of the transcript be treated as Confidential Information.  Such a request shall be made by counsel in a reasonable manner or by making a suitable designation in the record at the deposition, hearing, or trial.  If such a request is made, such portion of the transcript shall be so treated and filed under seal, if it is filed in the record.  A dispute currently exists between the parties as to whether Confidential Information remains confidential after it has been testified to or admitted at trial as an exhibit.  The parties have agreed that if a document containing Confidential Information is admitted at trial and/or testimony concerning Confidential Information is elicited at a trial, then this order shall not preclude either party from arguing, under existing law, whether such testimony or material remains confidential.  If a trial occurs and if such confidential testimony or material is admitted, then the parties will make their respective arguments for and against continued confidentiality at that time and the court will rule on said issue.

11. Use of Confidential Information in Court Proceedings:  Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the

documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and any applicable law governing such dispute.

12.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

13.     During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 13 above.

14.     A party may object to the designation of particular Confidential information by giving written notice to the party designated the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot, in good faith, resolve the objection within ten (10) business days after the time the notice is received, the party designating the information as confidential shall be obligated to file an appropriate motion requesting that the Court retain a document's confidentiality.  The disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion.  The burden of establishing that any information has been properly designated as Confidential Information shall be on the Party which seeks to uphold the designation, as if that Party had been making a motion for a protective order in the first instance and prior to having made disclosure.

15.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action and the Court without involving the Court unnecessarily in the process. Nothing in this Order nor the

reproduction of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof.

16. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

17. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or (by mutual agreement only) shall certify the destruction thereof, except counsel shall be permitted to retain for its files copies of all papers and documents filed with the Court. Notwithstanding the foregoing, counsel for any party may retain one copy of the Confidential Information in its files for archival purposes only.

18. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

19. The provisions of this Order with respect to Confidential Information shall not apply to information which (a) was, is, or becomes public knowledge, through no violation of this Order; (b) is acquired in good faith from a third party not subject to this Order, such third party being lawfully in possession of such information and able to

release it; (c) was possessed prior to receipt of the material asserted to be confidential from a source able to provide it without a breach of confidence; or (d) was or is discovered independently by the receiving party by means that do not constitute a violation of this Order.

20. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission by any party that any document or information is, or is not, either confidential or admissible in evidence in this action, or (b) prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court, (i) to have information not covered by this Order treated as Confidential Information within the meaning of this Order, (ii) additional protection for specific documents or information; or (iii) relief from the provisions of this Order with respect to specific items or categories of documents or information.

Dated at Denver, Colorado this 8th day of April, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 8th day of April, 2015.

| ANDERSON & HUGHES P.C. | ZUPKUS & ANGELL, P.C. |
|---|---|
| M. Stuart Anderson, Esq.<br>Dustin Hughes, Esq.<br>7385 W. Highway 50<br>Salida, CO 81201<br>stuart@anderson-hugheslaw.com<br>dustin@anderson-hugheslaw.com<br>*Attorneys for Plaintiff Plaintiff Parkview Gardens Building Association* | Robert A. Zupkus, Esq.<br>Kristi A. Lush, Esq.<br>The McCourt Mansion<br>555 East Eighth Avenue<br>Denver, CO 80203<br>Telephone: (303) 894-8948<br>rzupkus@zalaw.com<br>klush@zalaw.com<br>*Attorneys for Defendant Owners Insurance Co.* |

## EXHIBIT A

## AFFIDAVIT

STATE OF COLORADO            )
                             ) ss.
COUNTY OF_____   )

_____ swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in 1:15-cv-00004-REB-MEH, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:
_____

_____

Telephone No.: (____) _____

11

  SUBSCRIBED AND SWORN to before me this _____ day of _____, 2015, by _____.

  WITNESS my hand and official seal.

                  _____
                  Notary Public

                  My Commission Expires: _____

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 8th day of April, 2015, I filed the foregoing **JOINT STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

M. Stuart Anderson, Esq.
Dustin T. Hughes, Esq.
7385 W. US Highway 50
Salida, CO 81201
stuart@anderson-hugheslaw.com
dustin@anderson-hugheslaw.com

                  ***Original Signature on File at***
                  ZUPKUS & ANGELL, P.C

                  _____