IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00004-REB-MEH

PARKVIEW GARDENS BUILDING OWNERS ASSOCIATION, a Colorado non-profit corporation also known as the PARK VIEW GARDENS BUILDING CONDO ASSOCIATION,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

## RECOMMENDATION ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND JURY DEMAND

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint and Jury Demand [filed May 15, 2015; docket #53]. The matters are briefed. I held oral argument on June 4, 2015. While allowing amendment of a complaint is normally not dispositive and, thus, can normally be handled by an order, in this situation, the granting of Plaintiff's motion will result in the remand of the case, because the amended pleading asserts claims against a new, nondiverse Defendant. For that reason, I issue this opinion in the form of a recommendation to District Judge Robert E. Blackburn. Thus, for the following reasons, I respectfully recommend that the motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore*

**I.      Background**

The Plaintiff in this case is alleged to have suffered a fire loss. The Defendant insurer is alleged to not have paid a full and fair settlement of the claim. The insured (or perhaps not, see below) premises are 14 buildings containing condominiums. The Plaintiff is a collection of the owners of these condominiums. The loss was to one of the buildings. At the oral argument, Defendant alleged that it was not accurately informed of the ownership structure of the premises, including the fact that the buildings consist of leased condos. On that basis, Defendant filed a motion to amend its answer to seek rescission of the insurance policy. (Docket #51.) I granted that motion, concluding that, although I am skeptical of Defendant's theory for rescission, the issue is more properly a matter for District Judge Blackburn to decide on a dispositive motion. Plaintiff contends that now that Defendant has – for the first time since this dispute began several years ago – raised the possibility that the Plaintiff never had a valid insurance policy. Plaintiff concludes that it is thus proper to allow amendment of the Complaint to raise claims against the insurance broker who allegedly assured the Plaintiff that the insurance policy Plaintiff was purchasing would cover the owners for a loss of this type. Thus, logically, Plaintiff alleges that it either: (1) has a valid insurance policy under which this lawsuit is brought, and that Defendant is the proper party to sue, or (2) it does not have a policy (as now alleged by Defendant), and it is the broker's fault.

Unfortunately, in the proposed amended complaint, the insurance broker that Plaintiff seeks to add is a Colorado entity, as is Plaintiff. This would destroy diversity and necessitate a remand (this case was originally removed from state court). Defendant opposes the motion primarily on grounds of futility, contending (and citing precedent from Judge Blackburn) that Plaintiff cannot state a claim against an insurance broker in these circumstances. Defendant also cites to 28 U.S.C.

---

*v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

§ 1447(e), which gives this Court the discretion to deny joinder of a nondiverse defendant after removal from state court.  Defendant contends that the balancing test that courts apply in such a situation favors denial of the motion to amend.

**II.     Analysis**

An amendment at this point, which is within the time period I set for joinder of parties and amendment of pleadings, will be governed by Fed. R. Civ. P. 15.  *See* Fed. R. Civ. P. 13 advisory committee's note 2009.  The Court must heed Rule 15's mandate that the Court should "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a) (2009); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

The grant or denial of leave to amend is committed to the discretion of the district court.  *See Duncan*, 397 F.3d at 1315.  "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman,* 371 U.S. at 182.  Leave to amend may be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

The factors I apply in analyzing an amendment that would destroy diversity begin with Plaintiff's intent: Does Plaintiff seek primarily to achieve a remand?  Not in this case.  Plaintiff argues that the only reason it needs to include the insurance broker as a defendant is because its insurance company now seeks to rescind the insurance policy.  This makes perfect sense to me and does not engender an improper motive.  The next factor concerns undue delay, which is certainly not present here, as the motion is timely under the scheduling order and comes on the heels of the

Defendant's revelation that it now believes the insurance policy should be rescinded. Next, will the Plaintiff be prejudiced if the amendment is denied? Is an insured prejudiced post-loss when it finds out it never had an insurance policy for the loss? I think so. Defendant might argue that Plaintiff can sue the insurance broker in a separate lawsuit, but that would not be efficient from a judicial resources standpoint.

Defendant's strongest argument, futility, was also Plaintiff's strongest argument in opposing Defendant's own motion to amend. As noted, I do not believe that, given the posture of this case and the dispositive nature of preventing Plaintiff from even *suing* the insurance broker, I should recommend denial of the motion on this basis. I fall back to that well know legal axiom, "What is sauce for the goose is sauce for the gander." *SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1227 (10th Cir. 2009). I believe that principle is particularly applicable here. Finally, in its supplemental authority, Plaintiff cites persuasive language from Judge Blackburn supporting the possibility of broker liability here.

### III.   Conclusion

Accordingly, for the reasons stated above and in the interests of justice, I respectfully RECOMMEND that the Plaintiff's Motion for Leave to File Second Amended Complaint and Jury Demand [filed May 15, 2015; docket #53] be **granted**.

Dated at Denver, Colorado, this 8th day of June, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge