**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00004-REB-MEH

PARKVIEW GARDENS BUILDING OWNERS ASSOCIATION, a Colorado non-profit corporation, also known as the PARK VIEW GARDENS BUILDING CONDO ASSOCIATION,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Motion for Leave To File Second Amended Complaint and Jury Demand** [#53][1] filed May 15, 2015; and (2) the corresponding **Recommendation of United States Magistrate Judge** [#76] filed June 10, 2015.  The defendant filed objections [#80], the plaintiff filed a response [#88], and the defendant filed a reply [#89].  I overrule the objections and approve and adopt the recommendation.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the defendant objects.  I have considered carefully the recommendation, the objections, the response, the reply, the other filings in this case,

---

[1] "[#53]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

and the applicable law.

This case involves an insurance coverage dispute.  Initially, the plaintiff, Parkview Gardens Building Owners Association, filed this case in state court.  The defendant, Owners Insurance Company, removed the case to this court.  On May 15, 2015, the defendant filed a motion [#51] to amend its answer, which motion was granted.  In the amended answer, Owners asserts for the first time a theory that it is entitled to rescission of the insurance policy at issue in this case.  In reaction to the rescission claim, the plaintiff sought permission to raise claims against the insurance broker used by Parkview Gardens to obtain the insurance policy at issue.  In the proposed amended complaint [#53-1], Parkview Gardens asserts a claim of breach of contract against the broker, Flood & Peterson Insurance, Inc.  Parkview Gardens alleges that is contracted with Flood & Peterson to procure suitable insurance for Parkview Gardens, including specified types of coverage.  *Proposed amended complaint* [#53-1], ¶ 122.  Parkview Gardens alleges that Owners issued a policy, the policy under which Parkview Gardens now seeks coverage and on which Owners now seeks rescission.  Allegedly, Flood & Peterson breached its contract with Parkview Gardens by failing to obtain the insurance coverages it promised to obtain for Parkview Gardens.  *Id.*, ¶¶ 123, 124.  Both the plaintiff and Flood and Peterson are citizens of Colorado.  Permitting the plaintiff to add Flood and Peterson as a defendant would destroy diversity and require that this case be remanded to state court.

Noting the standard of Fed. R. Civ. P. 15 concerning leave to amend a complaint, the magistrate judge concludes correctly that amendment of the complaint must be permitted.  The magistrate judge notes also that 28 U.S.C. § 1447(e) gives the court discretion to deny joinder of a non-diverse defendant after removal from state court.

2

The factors relevant to a § 1447 analysis include: (1) the intent of the plaintiff in adding a non-diverse defendant; (2) whether the plaintiff has delayed the proposed addition of a non-diverse defendant unduly; (3) prejudice to either party; (4) any risk of multiple litigation and inconsistent outcomes.

According to Owners, the proposed claim against Flood and Peterson is not pled adequately and is not legally viable. This proposed clam is futile, in the view of Owners, and thus is not properly the basis for joinder of Flood and Peterson and a remand to state court. In support of this contention, Owners cites my opinion in *Estate of Hill v. Allstate Ins. Co.*, 354 F.Supp.2d 1192 (D.Colo.,2004). In *Hill*, I noted:

> Under Colorado law, an insurance broker or agent who agrees to obtain a particular form of insurance coverage for the person seeking such insurance has a legal duty to obtain such coverage or to notify the person of his failure or inability to do so. An agent who fails to do so may be liable either for breach of contract or negligence.

*Id*., 354 F.Supp.2d 1196-97 (internal quotations and citations omitted). However, "(a)bsent a special relationship between the insured and the insurer's agent, an insurer's agent has no duty to affirmatively advise or warn his or her customer of provisions contained in an insurance policy." *Id*. at 1197. In *Hill*, the plaintiffs alleged that the insurance agent failed to advise them of the availability of certain enhanced insurance coverages. The plaintiffs did not allege that they specifically requested such coverages from the agent or that the agent told the plaintiffs she would procure a policy with enhanced coverages and failed to do so. *Id*. at 1197.

Taking the allegations in the proposed amended complaint [#53-1] as true, as I must, I find and conclude that Parkview Gardens has alleged a potentially viable breach of contract claim against Flood and Peterson. Essentially, the claim is that Flood and Peterson is an insurance broker or agent who agreed to obtain a particular form of

3

insurance coverage for Parkview Gardens, but failed to obtain the coverage.  The magistrate judge concluded correctly that this claim is viable under Colorado law.  The arguments of Owners to the contrary are unavailing.

In addition, the magistrate judge analyzed correctly the factors applicable to an analysis of the effort of Parkview Gardens to add a non-diverse defendant via its proposed amended complaint.  There is no evidence that a significant motivation of Parkview Gardens is to obtain a remand via the addition of a non-diverse defendant.  There is no evidence of undue delay by Parkview Gardens.  The parties will suffer some prejudice, in the form of delay, as the result of a remand, but that prejudice will be shared fairly equally and is not undue.  A remand will permit all claims against all defendants concerning the insurance policy in question to be resolved in one case; thus, promoting judicial efficiency and minimizing the risk of multiple litigation and inconsistent outcomes.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#76] is approved and adopted as an order of this court;

2. That the objections of the defendant [#80] are overruled;

3. That under Fed. R. Civ. P. 15, the **Motion for Leave To File Second Amended Complaint and Jury Demand** [#53] is granted;

4. That under 28 U.S.C. § 1447(e), this case is remanded to the District Court for Boulder County, Colorado (where it was filed initially as Case Number 14CV031519);

5. That the combined Final Pretrial Conference and Trial Preparation Conference set for January 8, 2016, and the trial set to begin January 25, 2016, are vacated;

6. That all other pending motions, including those docketed as [#81], [#84], and

[#93], are denied as moot; and

    7.  That this case is closed.

Dated December 17, 2015, at Denver, Colorado.

                                    **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge